# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**WILBERTO ROBLEDO RIOS**                                                          **PLAINTIFF**
Reg. #73227-018

V.                            NO. 2:22-cv-00166-KGB-ERE

**MAHARAJ ALEXANDRO TOMAR**                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Rios' claims has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.   Discussion:**

On September 15, 2022, Plaintiff Wilberto Robledo Rios, a federal inmate incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-

FC"), filed this civil rights lawsuit *pro se*. Doc. 1.[1] In his complaint, Mr. Rios alleged that Acting Clinical Director for the Bureau of Prisons Maharaj Alexandro Tomar was deliberately indifferent to his serious medical needs. He complained that he suffers from a damaged tendon in his leg and a herniated disc in his lower back. Mr. Rios requested that the Court order federal officials to schedule him for an MRI. However, Mr. Rios' original complaint fails to include any facts to support a medical deliberate indifference claim against Defendant Tomar. Accordingly, on December 7, 2022, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[2] to give Mr. Rios an opportunity to file an amended complaint clarifying his claims. *Doc. 7*.

In its December 7 Order, the Court specifically instructed Mr. Rios that in order to state a claim for constitutionally inadequate medical care against Defendant

---

[1] Because Mr. Rios alleged that a federal actor, rather than a state actor, violated his constitutional rights, he properly brought his constitutional claims under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983.
  In *Bivens*, the Supreme Court authorized an implicit cause of action for prisoners to bring certain civil rights lawsuits for damages against federal officials. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Tomar he should: (1) describe what Defendant Tomar did or failed to do that caused his medical care to be deficient; (2) state how Defendant Tomar was aware of his need for medical treatment; and (3) explain any resulting injury he suffered as a result of Defendant Tomar's conduct.

To date, Mr. Rios has not filed an amended complaint and the time for doing so has passed. Accordingly, the Court must screen the claims raised in his original complaint.

### III.  Screening:

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To state a medical deliberate indifference claim, Mr. Rios must allege that: (1) he had an objectively serious need for medical care; and (2) Defendant Tomar subjectively knew of, but were deliberately indifferent to, his serious medical need.

See *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotations and citations omitted).

As previously noted, Mr. Rios' complaint fails to include any factual allegations regarding the medical care or treatment provided or denied by Defendant Tomar. As a result, Mr. Rios has failed to state a plausible constitutional claim against Defendant Tomar.

### IV.   **Conclusion**:

1.   The Court recommends that Mr. Rios' complaint be DISMISSED, without prejudice, based on his failure to state a plausible claim for relief against Defendant Tomar. And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

2.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   The Clerk be instructed to close this case.

4

Dated this 11th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE