# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**WILBERTO ROBLEDO RIOS**  **PLAINTIFF**
Reg. #73227-018

V.  NO. 2:22-cv-00166-KGB-ERE

**MAHARAJ ALEXANDRO TOMAR,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to Chief United States District Judge Kristine G. Baker. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Chief Judge Baker can adopt this RD without independently reviewing the record.

## I.  BACKGROUND

On September 15, 2022, Plaintiff Wilberto Robledo Rios, a federal inmate incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed this civil rights lawsuit *pro se*. *Doc. 1*.[1]

---

[1] Because Mr. Rios alleged that a federal actor, rather than a state actor, violated his constitutional rights, he properly brought his constitutional claims under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983.
  In *Bivens*, the Supreme Court authorized an implicit cause of action for prisoners to bring certain civil rights lawsuits for damages against federal officials. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th

Mr. Rios' original complaint alleged that Acting Clinical Director for the Bureau of Prisons Maharaj Alexandro Tomar was deliberately indifferent to his serious medical needs and requested that the Court order federal officials to schedule him for an MRI. Because Mr. Rios' original complaint did not include any facts to support a medical deliberate indifference claim against Defendant Tomar, the Court postponed the 28 U.S.C. § 1915A[2] screening process to allow Mr. Rios to file an amended complaint clarifying his claims. *Doc. 7*.

On January 11, 2023, after Mr. Rios failed to timely file an amended complaint, I screened his original complaint and recommended that Mr. Rios' claims be dismissed based on his failure to state a plausible constitutional claim for relief. *Doc. 8*. About a week later, Mr. Rios filed a memorandum in support of his complaint further explaining his medical deliberate indifference claim against Defendant Tomar. *Doc. 9*. On February 21, 2023, United States District Judge Kristine G. Baker rejected the January 11 Recommendation (*Doc. 8*) and referred the case back for further screening. *Doc. 10*.

---

Cir. 1999).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

On February 22, 2023, the Court advised Mr. Rios that because his January 17 memorandum was not signed, as required by the Court's Local Rules, he needed to file either a signed copy of the memorandum or a signed, amended complaint containing the facts alleged in his memorandum or *Doc. 11*.

On February 24, 2023, he filed an amended complaint, setting out a medical deliberate indifference claim against Defendant Tomar. *Doc. 12*. The Court issued service for Defendant Tomar so that Mr. Rios could proceed on that claim.[3] *Doc. 16*

On December 5, 2023, Defendant Tomar filed a Motion for Judgment on the Pleadings, or alternatively, Motion for Summary Judgment for Lack of Exhaustion. *Doc. 26*. Mr. Rios filed a response on January 10, 2024, and Mr. Tomar filed a reply on January 19, 2024. *Docs. 30, 31*. The issues are now ripe for consideration.

## II.   DISCUSSION

### A.   The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other

---

[3] Mr. Rios' Amended Complaint also sued the Bureau of Prisons, South Central Director Juan Baltazar, Director Christopher A. Wray, and an unidentified Director of the BOP. *Id.* at 4-6. On April 5, 2023, I screened the amended complaint and recommended that his claims against the Bureau of Prisons, Juan Baltazar, Christopher A. Wray, and Doe be dismissed, without prejudice, based on his failure to state a plausible claim for relief. *Doc. 15*. That recommendation remains pending.

correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Rios to satisfy the BOP'S requirements for raising and exhausting the claims he is asserting in this lawsuit before bringing this action.[4] Proper exhaustion of administrative remedies "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

B.  **The BOP's Exhaustion Policy**

The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) if informal

---

[4]There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

resolution fails, submission of a formal grievance to the Warden on form BP-9; (3) if the formal grievance is denied, appeal to the appropriate Regional Director within 20 days of the Warden's response on form BP-10; and (4) if the BP-10 appeal is denied, appeal to the General Counsel within 30 days of the Regional Director's response on form BP-11. 28 C.F.R. §§ 542.13–542.18.

A grievance or appeal is considered filed "on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. "Once [a request or appeal is] filed, [a] response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*. If, at any step in the process, the BOP fails to issue a timely response, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

### C. Mr. Rios' Grievance History

To support his motion, Defendant Tomar submits the affidavit of Joshua Sutton, FCI-FC's Executive Assistant and Administrative Remedy Coordinator. *Doc. 27-1*. Mr. Sutton testifies that, since being incarcerated, Mr. Rios has submitted only one Administrative Remedy filing, and it was filed directly with the Office of General Counsel on November 17, 2022, ID 1144745-A1. This filing complained about Dr. Tomar refusing to order and MRI; it was rejected on December 14, 2022, because Mr. Rios failed to follow the four-step BOP exhaustion process. By

5

submitting his filing directly to the Officer of General Council, which is step 4 of the process, Mr. Rios skipped steps 1-3, thereby preventing review at the institutional and regional levels. Mr. Rios admits that he "sent all copies of BP-8 through BP-11 to the Central Office in Washington D.C." *Doc. 30 at 2-3*.

Considering Mr. Sutton's testimony, along with Mr. Rios' concession, there is no genuine issue of material fact regarding Mr. Rios' failure to follow all administrative steps and to properly exhaust his administrative remedies. As a result, Defendants are entitled to judgment as a matter of law.

### III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant Maharaj Tomar's motion for summary judgment (*Doc. 26*) be GRANTED, and Plaintiff Wilberto Rios' claims against Defendant Maharaj Tomar be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

If both this Recommendation and the April 5, 2023 Recommendation (*Doc. 15*) are adopted, the Clerk of the Court should be directed to close this case.

Dated 29 January 2024.

_____
UNITED STATES MAGISTRATE JUDGE